UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



2009 DEC 17  A 8: 35

U.S. DISTRICT COURT
PRISONER NEW HAVEN, CT

TORMU E. PRALL,
        Plaintiff,

   v.

HARTFORD PROSECUTORS, et al.,[1]
        Defendants.

:        
:        
:        
:   CASE NO. 3:09-cv-1047(JBA)
:        
:        
:

## INITIAL REVIEW ORDER

Plaintiff, currently incarcerated in New Jersey, has filed this action *pro se* under 42 U.S.C. § 1983 (2000).  In his third amended complaint,[2] filed August 24, 2009, he names as defendants, Hartford Prosecutors, John and Jane Does 1-99, John and Jane Roes 1-99 and John and Jane Moes 1-99.  Plaintiff also has filed a motion for emergency relief.

Under 28 U.S.C. § 1915A (2000), the court must review

---

[1]In his original complaint, plaintiff listed three defendants: Hartford Prosecutors, Superior Court Judge and Unknown Named Personnel of Department of Corrections.  On August 3, 2009, plaintiff filed an amended complaint naming only Hartford Prosecutors in the case caption and listing them as the only defendant in the Parties section of the amended complaint. On August 24, 2009 and September 21, 2009, respectively, plaintiff filed a second and third amended complaint.  Again, he did not include these defendants in the case caption or description of parties.  Thus, the court considers all claims against defendants Superior Court Judge and Unknown Named Personnel of Department of Corrections to be withdrawn.

[2]The third amended complaint is incorrectly titled First Amended Complaint.  Plaintiff may amend his complaint only once without obtaining leave of court.  *See* Fed. R. Civ. P. 15(a).  As the complaint has not yet been ordered served, however, the court will excuse plaintiff from this requirement and consider the third amended complaint in this ruling.

prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

Plaintiff states that he waived extradition to New Jersey on

2

the condition that he be transported to New Jersey by U.S.
Marshals. He alleges that the defendants encouraged New Jersey
Sheriffs to pose as United States Marshals in state court to
effect his extradition. Plaintiff also alleges that, while
plaintiff was incarcerated in Connecticut correctional
facilities, the defendants directed law enforcement officers to
drug him and remove gold teeth for DNA testing, directed
correctional medical staff to deny him proper medical treatment
and directed correctional officers to attack plaintiff or permit
other inmates to do so.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.
To state a section 1983 claim, he must show that a person acting
under color of state law violated his federally protected rights.
*See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982).

State agencies are not persons within the meaning of section
1983. *See, e.g., Fisher v. Cahill*, 474 F.2d 991, 992 (3d Cir.
1973) (state prison department cannot be sued under section 1983
because it does not fit the definition of "person" under section
1983). The Office of the Chief State's Attorney, which employs
all prosecutors, is a state agency. *See* Conn. Gen. Stat. § 4-141
(noting with regard to claims against the state that "'state
agency' includes every department, division, board, office,
commission, arm, agency and institution of the state government,
whatever its title or function"). Thus, as a state agency, all

3

claims against the Hartford Prosecutors as an office are dismissed.

Plaintiff also includes as defendants 297 unidentified prosecutors, detectives, agents and officers working in the Hartford Prosecutor's Office.  The court cannot, however, serve the complaint without the names and current work addresses of these defendants.  Plaintiff is directed to file a fourth amended complaint identifying by name and current work address each individual he intends to sue.  Plaintiff shall file his fourth amended complaint within twenty days from the date of this order. Failure to do so will result in the dismissal of this case.

Plaintiff also has filed a motion seeking emergency relief. He states that New Jersey officials deny receiving a copy of the waiver of extradition form and contend that they were unaware of the condition of his transport.  He asks the court to order the defendants to notify the New Jersey courts and lawyers that he is being prosecuted in violation of the terms of the extradition agreement.  To date, plaintiff has not identified any defendant to whom this order could be directed.

In addition, the letters attached to the motion show that plaintiff is challenging his extradition in the New Jersey courts.  By this motion, plaintiff is seeking assistance in that state litigation.  The letters indicate that the county attorney has requested documentation from Connecticut regarding the

4

extradition. A review of the waiver of extradition will reveal
any conditions. Thus, an order from this court requiring a
statement to the same effect is not required. Plaintiff's motion
for emergency order is denied.

## ORDERS

In accordance with the foregoing analysis, the court enters
the following orders:

(1)   All claims against defendant Hartford Prosecutors as a
state agency are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)   Plaintiff's motion for emergency relief [**doc. #9**] is
**DENIED**.

(3)   Plaintiff is directed to file a fourth amended
complaint identifying by name and current work address the
individuals he intends to sue. Failure to submit the fourth
amended complaint within **twenty (20)** days from the date of this
order will result in the dismissal of this case.

It is so ordered.

\ /s/ Janet B. Arterton

Janet Bond Arterton
United States District Judge

Dated at New Haven, Connecticut this ___11th___ day of December 2009.

5