```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

TORMU E. PRALL,                     :
          Plaintiff,                :
                                    :             PRISONER
     v.                             :   CASE NO. 3:09-cv-1047(JBA)
                                    :
HARTFORD PROSECUTORS, et al.,       :
          Defendants.               :
```

RULING AND ORDER

Plaintiff has submitted a letter to the court in which he asks for various forms of relief. The court has docketed the letter as a motion.

First, plaintiff asks the court to note his change of address. The address is noted and the Clerk is directed to update plaintiff's address on court records.

Second, plaintiff asks the court to enforce the subpoenas he asked the clerk to issue for Judge Taylor and Public Defenders Ahern and Wildfeuer. The docket does not indicate that plaintiff ever submitted completed subpoena forms to the court to be issued. Accordingly, plaintiff's request is denied.

Third, plaintiff seeks a free copy of all documents filed in this case. Plaintiff has no constitutional right to free photocopies, see, e.g., Collins v. Goord, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006), and in forma pauperis status does not entitle him to free copies of documents in the court's file. See, e.g., Guinn v. Hoecker, 43 F.3d 1483 (10th Cir. 1994) (28 U.S.C. § 1915 does not include right to free copy of any document

in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy); Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) ( 28 U.S.C. § 1915 does not include the right to receive copies of court orders without payment). Accordingly, plaintiff's request is denied.

The Clerk is directed to send plaintiff a copy of the docket sheet along with this order.  Plaintiff may contact the Clerk to determine the cost of the copies he wants.  If plaintiff cannot pay the required copy fee, he may file a motion explaining his need for the particular documents and attach evidence demonstrating his lack of funds.

Finally, plaintiff asks the court to inform defendants' counsel of his change of address.  Plaintiff, not the court, bears responsibility for keeping opposing counsel informed of his current address.  In addition, plaintiff must serve a copy of any document he files or submits to the court on opposing counsel. Although the court accepted this ex parte motion, plaintiff is advised that the court will not do so in the future.  Opposing counsel is Assistant Attorney General Robert B. Fiske III, 110 Sherman St., Hartford, CT  06105.

In conclusion, plaintiff's motion [**Doc. #20**] is **GRANTED** to the extent that the Clerk shall change plaintiff's address to the address listed in this motion and send plaintiff a copy of the docket sheet along with this order.  Plaintiff's request for

enforcement of subpoenas is **DENIED** as the court record does not indicated that any subpoenas were issued. Plaintiff's request for a free copy of all documents filed in this case is **DENIED.** Upon receipt of the docket sheet, plaintiff may contact the Clerk to ascertain the number of pages and the copy cost for any documents he needs. If he cannot afford the copy charge, he shall file a motion explaining his need for that particular document and attach to the motion evidence of his inability to pay.

　　Plaintiff also is advised that he must send a copy of any letter or motion he files to opposing counsel at the address provided above. Failure to certify that a motion was served on opposing counsel will result in the motion being returned to plaintiff.

　　It is so ordered.

　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　Janet Bond Arterton
　　　　　　　　　　　　　　　　　United States District Judge

Dated at New Haven, Connecticut this 30${}^{th}$ day of March 2010.