```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


TORMU E. PRALL,                  :
        Plaintiff,               :
                                 :             PRISONER
     v.                          :  CASE NO. 3:09-cv-1047(JBA)
                                 :
HARTFORD PROSECUTORS, et al.,    :
        Defendants.              :
```

RULING AND ORDER

Plaintiff has filed three miscellaneous motions and a motion for summary judgment. In addition, plaintiff notes that the defendants have failed to respond to the fourth amended complaint.

I.   Motion to Amend [Doc. #24]

Plaintiff states that he mistakenly failed to rely on 42 U.S.C. § 1983 in his complaint and seeks leave to file a fifth amended complaint to include a section 1983 claim. In the Initial Review Order filed December 17, 2009 [Doc. #12], the court stated that it was considering the complaint as filed pursuant to section 1983. Thus, amendment to add section 1983 to the jurisdictional statement is unnecessary. Plaintiff's motion is denied.

Plaintiff also states that he will contact the court in the future to note his change of address. The court already has updated plaintiff's address in response to his March 23, 2010

letter, which the court considered as a motion.  <u>See</u> Docs. ##20, 22.

Finally, plaintiff states that the defendants have not filed their response to the fourth amended complaint within the time specified by the court.  The court construes this section of plaintiff's motion as a request for entry of default for failure to plead and grants the request.

II.  <u>Motion to Amend [Doc. #23]</u>

In this second motion to amend, plaintiff again seeks leave to file a fifth amended complaint.  He claims that amendment is required because the defendants have not responded to the fourth amended complaint and, perhaps, they will respond to a fifth amended complaint.  Plaintiff also asks the court to expedite the case as he would like to commence the discovery process.

Amendment of the complaint is not needed simply because the defendants failed to respond to the current operative complaint.  The court has granted plaintiff's request, above, for entry of default for failure to plead.  In addition, filing a fifth amended complaint will delay, not expedite, progress of the case, as additional time will be required to effect service of a new complaint.  Thus, plaintiff's motion is denied.

III. <u>Motion to Deny Pending Dispositive Motions [Doc. #25]</u>

Plaintiff asks the court to deny any dispositive motions filed by the defendants.  As no such motion have been filed,

plaintiff's request is denied as moot.

Plaintiff also asks that this motion be consolidated with his April 8, 2010 motion.  The court has examined the signature dates on all of plaintiff's motions and finds no motion signed on April 8, 2010.  Accordingly, this request is denied as well.

Finally, plaintiff asks the court to resolve any future issues relating to service and repeats his request to amend.  The court already has denied the request to file a fifth amended complaint.  In addition, if service issues arise in the future, plaintiff may file a motion or response to a motion filed by defendants addressing the issues at that time.

IV.  <u>Plaintiff's Motion for Summary Judgment [Doc. #26]</u>

Finally, plaintiff has filed a motion for summary judgment. This motion does not comply with local court rules and is denied without prejudice.

Rule 56(a), D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or

(2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement.  This specific citation requirement applies to *pro se* litigants as well as to attorneys.  Rule 56(a)4 also requires that the movant file a memorandum in support of his motion.

Plaintiff has not complied with any of these requirements.  He has not filed a memorandum or Local Rule 56(a)1 statement in support of his motion.  Thus, his motion for summary judgment is denied without prejudice for failure to comply with court rules.

V.   Conclusion

Defendants are hereby **DEFAULTED** for failure to plead in accordance with the deadlines established by the court.  Plaintiff is directed to file a motion for default judgment against defendants by May 11, 2010 if the default has not been set aside.  If defendants move to set aside the default, they must do so by May 5, 2010 and shall file their response to the Fourth Amended Complaint contemporaneously with their motion to set aside default.

Plaintiff's motions to amend [**Docs. ## 23, 24**] and motion to deny pending dispositive motions [**Doc. #25**] are **DENIED.**  Plaintiff's motion for summary judgment [**Doc. #26**] is **DENIED** without prejudice.

It is so ordered.

/s/
Janet Bond Arterton
United States District Judge

Dated at New Haven, Connecticut this 22nd day of April 2010.