UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TORMU E. PRALL,
    Plaintiff,

v.

HARTFORD PROSECUTORS, et al.,
    Defendants.

PRISONER
CASE NO. 3:09 CV 1047(JBA)

RULING AND ORDER

Plaintiff has filed motions to compel discovery and to stay resolution of the pending motions for summary judgment. Defendants have filed motions to quash several subpoenas. These motions are considered below.

I.     Motions to Compel [Dkts. ## 41, 56]

In his first motion, plaintiff asks the Court to compel production of documents referenced in the Court's October 6, 2010 order. In the second motion, he seeks responses to his first set of interrogatories and production requests.

Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. Plaintiff states only that the

defendants have not responded, or have not fully responded, to his requests. He does not indicate that he made any attempts to resolve his dispute nor has he provided the required affidavit.

In addition, Rule 37(b)1 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be included as exhibits. Plaintiff has not complied with this requirement.

Accordingly, both motions to compel are denied.

II.     Motions to Quash [Dkts. ## 52, 57]

Plaintiff attempted to serve four subpoenas by mailing them with an attached letter. Defendants move to quash these subpoenas on three grounds: (1) service of each subpoena was improper, (2) plaintiff has not provided proof of service, and (3) the subpoenas do not seek production of documents kept in the regular course of business or seek documents from a person who has no knowledge, custody or control of such documents. In response, plaintiff attached returns of service indicating that he served the subpoenas by regular mail. In addition, he asks the Court to construe the subpoenas as discovery requests if the subpoenas are found improper.

The persons to whom the subpoenas were directed are not parties. Service of subpoenas on non-parties is governed by Rule 45(b), Fed. R. Civ. P., which provides: "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person.... If the subpoena

2

commands the production of documents ... then before it is served, a notice must be served on each party."

The courts do not agree on the meaning of "delivering a copy." Some courts have held that delivery requires personal service. See, e.g., Agran v. City of New York, No. 95 Civ. 2170 (JFK), 1997 WL 107452, at *1 (S.D.N.Y. Mar. 11, 1997) (noting that the weight of authority requires personal service). Other courts, including some within the Second Circuit, have permitted service by mail. See, e.g., Cordius Trust v. Kummerfeld, No 99 CIV. 3200(DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (permitting service by certified mail in case where repeated attempts at personal service failed); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (allowing service of subpoena delivered to person of suitable age at residential address and mailed to residential address, a procedure that complied with state procedural law). The courts do agree, however, that a party cannot effect service of a subpoena himself. See Smith v. Benson, No. 08-CV-0485Sr., 2011 WL 839736, at *1 (W.D.N.Y. Mar. 7, 2011).

Here, plaintiff attempted to serve the subpoenas himself using regular mail. Because plaintiff attempted to serve the subpoenas himself, service was improper. In addition, service by regular mail to a person at their place of business is not an accepted manner of service under federal or state law. Defendants' motions to quash are granted.

The Court will not construe the subpoenas as discovery requests for production of documents. Rule 34(a), Fed. R. Civ. P., provided that requests for production of documents may be served on other parties. None of the recipients of the subpoenas

are parties to this action.

III.   Motion to Stay Resolution of Motions for Summary Judgment [Dkt. #58]

Finally, plaintiff asks the Court to stay consideration of his motion for partial summary judgment and defendants' cross-motion for summary judgment until the issues relating to his subpoenas have been resolved. As those issue have been decided, plaintiff's motion is denied as moot.

IV. Conclusion

Plaintiff's motions to compel [**Dkts. ## 41, 56**] are **DENIED**. Plaintiff's motion to stay resolution of Summary Judgment [**Dkt. #58**] is **DENIED** as moot. Defendants' motions to quash [**Dkts. ## 52, 57**] are **GRANTED**.

**SO ORDERED** at New Haven, Connecticut, this 7th day of April 2011.

    /S/ Joan G. Margolis, USMJ
Joan G. Margolis
United States Magistrate Judge