UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Tormu E. Prall,<br>    *Plaintiff*,<br><br>    v.<br><br>Hartford Prosecutors, et al.,<br>    *Defendants.* | Civil No. 3:09cv1047 (JBA)<br><br><br><br>September 16, 2011 |

RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

In this civil rights action, Plaintiff Tormu E. Prall ("Prall") alleges that the Defendants[1] violated his Fourth Amendment rights when they arranged to have him extradited to New Jersey by New Jersey state officials rather than United States Marshal Service. He also alleges that the defendants violated various state and federal criminal statutes. Prall now moves [Doc. # 39] for partial summary judgment against two of the Defendants. In response, Defendants cross–move [Doc. # 51] for summary judgment. For the reasons that follow, Prall's motion will be denied and Defendants' motion will be granted.

I.   Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is therefore entitled to judgment as a matter of law. See Rule 56(a), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The moving party may satisfy this burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the

---

[1] The remaining defendants are former State's Attorney James E. Thomas, Assistant State's Attorney Cathryn Krinitsky and Investigator Stephen J. Miele.

nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). Merely restating in an affidavit the conclusory allegations of a complaint may not be sufficient to successfully oppose a motion for summary judgment. Zigmund v. Foster, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought. Patterson v. County of Oneida, NY, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004). However, "'[t]he mere of existence of a scintilla of evidence in support of the [plaintiff's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [plaintiff].'" Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004) (quoting Anderson, 477 U.S. at 252)).

II.     Facts[2]

Plaintiff Prall, also known as Michael Edwards, was arrested on a fugitive from justice warrant. He appeared in Connecticut Superior Court before Judge Carl Taylor on September 15, 2008. Prall was represented by a public defender. Although a waiver of extradition form had been prepared and signed, Prall did not clearly waive extradition during the canvass. The court did not accept the waiver and the matter was continued for thirty days to enable the prosecutor to obtain a governor's warrant.

On October 15, 2008, Prall again appeared in Connecticut Superior Court before Judge Taylor. He was represented by the same public defender. Prall informed the court that he was willing to waive extradition. During the canvass, Prall specifically consented to "delivery to the duly accredited agents of the State of New Jersey." (10/15/08 Hearing Tr., Ex. B to Defs.' Loc. R. 56(a)2 Stmt. at 3:18–25.) In addition, the waiver of extradition, signed by Prall as Michael Edwards, specifically states: "I ... [c]onsent to my delivery to the duly accredited agent or agents of the Demanding State." (Ex. C to Defs.' Loc. R. 56(a)2 Stmt. at 2.)

Judge Taylor informed Prall that the State's Attorney's Office would contact the District Attorney in New Jersey and arrange to have someone come to Connecticut to pick up Prall and return him to New Jersey. (10/15/08 Tr. at 4:25–5:2.) Following the hearing, defendant Miele complied with this direction and contacted New Jersey officials.

Prall returned to Connecticut Superior Court on October 21, 2008. He was represented by a different public defender. Defendant Krinitsky informed the court that

---

[2] The facts are taken from the Local Rule 56(a) Statements filed by the parties and the attached exhibits [Doc. ## 39, 43, 44, 49, 51].

"the authorities from New Jersey are present here ready to take Mr. Prall." (10/21/08 Hearing Tr., Ex. D to Defs.' Loc. R. 56(a)2 Stmt. at 1:15–16.) Judge Taylor then stated: "Wherefore this Court hereby directs the marshal, having custody of this defendant, to deliver him forthwith to the duly accredited agents of the demanding state of New Jersey together with a copy of the waiver." (Id. at 2:11–15.) Defendant Krinitsky again referenced the presence in the courtroom of authorities from New Jersey. (Id. at 2:19–20.) The New Jersey officials took custody of Prall and transported him to New Jersey.

III.   Discussion

In his motion for partial summary judgment, Prall argues that defendants Krinitsky and Miele violated his Fourth Amendment rights by failing to ensure that he was transported to New Jersey by United States Marshals. In their cross motion for summary judgment, the defendants contend that Prall fails to state a claim for violation of his Fourth Amendment rights and, in any event, Defendants are protected by absolute prosecutorial immunity or qualified immunity.

A.   Waiver of Extradition

Prall alleges that he agreed to waive extradition only if he would be transported by the United States Marshal Service. He contends that his transport by New Jersey officials constituted an illegal seizure in violation of the Fourth Amendment. After reviewing the transcripts of the state proceedings and the waiver of extradition form signed by Prall, the Court concludes that there is no factual basis for Prall's Fourth Amendment claims.

Although Prall contends that he agreed to waive extradition on the condition that he be transported by United States Marshals, he has provided no evidence to support this contention. His conclusory restatement in his declaration that he agreed on this condition

is insufficient to oppose the motion for summary judgment in light of evidence in the record in the form of hearing transcripts and the waiver itself, which demonstrate there was no such condition. See Zigmund v. Foster, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (holding that verifying the allegations of the complaint in an affidavit is insufficient to oppose a motion for summary judgment).

The waiver clearly states that Prall consented to be delivered to accredited agents of the demanding state, not to the United States Marshal Service. During the canvass, Prall again agreed that he would be delivered to accredited agents from New Jersey. Neither Prall nor his attorney indicated that his waiver was conditioned on being transported by the United States Marshal Service.

The Connecticut Judicial Branch is responsible for the custody of prisoners at state courthouses. Conn. Gen. Stat. § 6-32d(a)(3). The care of state prisoners in the state courthouses is handled by state judicial marshals. Id. § 6-32(b). State law provides that when a person arrested in this state waives extradition to another state, "[t]he judge shall direct the officer having such person in custody to deliver forthwith such person to the duly accredited agent or agents of the demanding state." Id. § 54-181. Judge Taylor complied with this statutory requirement, "direct[ing] the marshal, having custody of this defendant, to deliver him forthwith to the duly accredited agents of the demanding state of New Jersey." (10/21/08 Tr. at 2:12–15.) The marshal in the courtroom and addressed by Judge Taylor was the state judicial marshal charged with Prall's care, not a United States marshal. Thus, there is no evidence in the record that the United States Marshal Service was connected to Prall's extradition in any way. Prall's misperception that Judge Taylor was referring to a United

5

States marshal is insufficient to demonstrate that he waived extradition only on the condition that he be transported by the United States Marshal Service.

In addition, the New Jersey officials were identified as such more than once on the record. Nothing in the record suggests that the New Jersey officials identified themselves as United States marshals. The state statute specifically provides for transport by officials from the demanding state. See Conn. Gen. Stat. § 54-181. Other state statutes reinforce this requirement. For example, Conn. Gen. Stat. § 54-168 provides that "the agent of the demanding state to whom the prisoner has been delivered, may, when necessary, confine the prisoner in any community correctional center or in the jail of any city through which he passes." This statutes assumes that a prisoner who waives extradition is transported by officials from the demanding state. See also Cuba-Diaz v. Town of Windham, 274 F. Supp. 2d 221, 224 (D. Conn. 2003) (noting that New Jersey officials came to Connecticut to transport individual who waived extradition to New Jersey). Similarly, Connecticut officials transport persons extradited to Connecticut. See State v. Felix, 111 Conn. App. 801, 805, 961 A.2d 458, 463 (2008) (noting that person who was arrested in Florida on a Connecticut warrant and waived extradition was transported back to Connecticut by Norwalk police officers); State v. Brewer, No. UWYCR06348625, 2007 WL 969406, at *1 (Conn. Super. Ct. Mar. 16, 2007) (noting that defendant, who was arrested in North Carolina as a fugitive from justice in Connecticut, waived extradition and was transported back to Connecticut by Waterbury police officers).

Prall has presented no evidence that he agreed to waive extradition only on the condition that he be transported by the United States Marshal Service. In addition, there is no legal requirement that such transport be done by the United States Marshal Service.

6

Accordingly, Prall's Fourth Amendment rights were not violated by his transport by New Jersey state officials. Prall's motion for partial summary judgment is therefore denied and Defendants' motion for summary judgment is granted.

B.     Violation of State and Federal Criminal Statutes

Although not referenced in his motion for summary judgment, Prall includes claims in his amended complaint based on the alleged violation of state and federal criminal statutes.

State and federal criminal statutes do not support a private right of action under federal law. See Cort v. Ash, 422 U.S. 66, 80 (1975) (no private cause of action existed under a "bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone"); Burke v. APT Foundation, 509 F. Supp. 2d 169, 173 (D. Conn. 2007) (statutory provisions identified by plaintiff were federal criminal statutes and "[a]s such, they do not provide a private right of action to civil litigants"). Thus, any claims based on violation of 18 U.S.C. §§ 2, 1201, 1546, 1952, 1959, 1961 and 1962 are not cognizable in this action and are dismissed pursuant to 28 U.S.C. § 1915A(b).

In addition, "'[t]here exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute. In order to overcome that presumption, the plaintiff bears the burden of demonstrating that such an action is created implicitly in the statute.'" Sidi v. Diaz, 50 Conn. L. Rptr. 264, 2010 WL 3038498, at *2 (Conn. Super. Ct. Jul. 7, 2010) (quoting Provencher v. Enfield, 284 Conn. 772, 777-78, 936 A.2d 625 (2007)). None of the referenced state statutes provide for a private right of action. Accordingly, any claims based on violations of Conn. Gen. Stat. §§ 53a-04, 53a-148 and 53a-155 are also dismissed pursuant to 28 U.S.C. § 1915A(b).

IV. Conclusion

Prall's motion for partial summary judgment [Doc. #39] is DENIED. Defendants' cross-motion for summary judgment [Doc. #51] is GRANTED. All claims for violation of state or federal criminal statutes are DISMISSED pursuant to 28 U.S.C. § 1915A(b). The Clerk is directed to enter judgment in favor of Defendants and close this case.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of September, 2011.